UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
WILLIAM MACK,

                           Plaintiff,

   -against-

LEHIGH OUTFITTERS, LLC and ROCKY
BRANDS, INC.,

                           Defendants.
---------------------------------------------------------------X

**COMPLAINT AND
JURY DEMAND**

Civil Action No.:

     Plaintiff, WILLIAM MACK, as and for his Complaint, alleges, via his attorneys, upon information and belief, as follows:

## JURISDICTION AND VENUE

     1.    At all times pertinent hereto, plaintiff, WILLIAM MACK, was a resident of the State of New York.

     2.    At all times pertinent hereto, defendant, LEHIGH OUTFITTERS, LLC, was a limited liability company duly organized and existing pursuant to the laws of the State of Delaware.

     3.    At all times pertinent hereto, defendant, LEHIGH OUTFITTERS, LLC, was a foreign limited liability company with its principal place of business in Nelsonville, Ohio.

     4.    At all times pertinent hereto, defendant, LEHIGH OUTFITTERS, LLC, was a foreign limited liability company duly authorized to transact business in the State of New York.

     5.    At all times pertinent hereto, defendant, LEHIGH OUTFITTERS, LLC, transacted business in the State of New York.

     6.    At all times pertinent hereto, defendants, LEHIGH OUTFITTERS, LLC, did, and/or solicited, business within the State of New York.

7. At all times pertinent hereto, defendant, LEHIGH OUTFITTERS, LLC, derived substantial revenues from interstate or international commerce.

8. At all times pertinent hereto, defendant, LEHIGH OUTFITTERS, LLC, derived substantial revenues from interstate or international commerce, including commerce in the State of New York.

9. At all times pertinent hereto, defendant, LEHIGH OUTFITTERS, LLC, expected, or should reasonably have expected, its acts and business activities to have consequences within the State of New York.

10. At all times pertinent hereto, defendant, ROCKY BRANDS, INC., was a corporation duly organized and existing pursuant to the laws of the State of Ohio.

11. At all times pertinent hereto, defendant, ROCKY BRANDS, INC., was a foreign corporation with its principal place of business in Nelsonville, Ohio.

12. At all times pertinent hereto, defendant, ROCKY BRANDS, INC., transacted business in the State of New York.

13. At all times pertinent hereto, defendant, ROCKY BRANDS, INC., did, and/or solicited, business within the State of New York.

14. At all times pertinent hereto, defendant, ROCKY BRANDS, INC., derived substantial revenues from interstate or international commerce.

15. At all times pertinent hereto, defendant, ROCKY BRANDS, INC., derived substantial revenues from interstate or international commerce, including commerce in the State of New York.

16. At all times pertinent hereto, defendant, ROCKY BRANDS, INC., expected, or should reasonably have expected, its acts and business activities to have consequences within the State of New York.

17. Jurisdiction of this action is based upon diversity of citizenship pursuant to 28 U.S.C. §1332. The amount in controversy exceeds $75,000, exclusive of interest and costs.

18. Venue in this district is proper pursuant to 28 U.S.C. §1391(a) because a substantial part of the events or omissions giving rise to the claim occurred in the Eastern District of New York.

## JURY DEMAND

19. Plaintiff hereby demands a trial by jury of all issues.

## AS AND FOR A FIRST CAUSE OF ACTION

20. At all times pertinent hereto, defendant, LEHIGH OUTFITTERS, LLC, was and still is engaged in the design, testing, manufacturing, labeling, production, marketing, sale and/or distribution of work and safety shoes and boots.

21. At all times pertinent hereto, defendant, ROCKY BRANDS, INC., was and still is engaged in the design, testing, manufacturing, labeling, production, marketing, sale and/or distribution of work and safety shoes and boots.

22. At all times pertinent hereto, defendant, LEHIGH OUTFITTERS, LLC, was and still is engaged in the design, testing, manufacturing, inspection, production, marketing, sale and/or distribution of work and safety shoes and boots under the "Lehigh Safety Shoes" brand name.

23. At all times pertinent hereto, defendant, ROCKY BRANDS, INC., was and still is engaged in the design, testing, manufacturing, inspection, production, marketing, sale and/or distribution of work and safety shoes and boots under the "Lehigh Safety Shoes" brand name.

24. Upon information and belief, defendant LEHIGH OUTFITTERS, LLC, is a division or subsidiary of defendant, ROCKY BRANDS, INC.

25. Upon information and belief, "Lehigh Safety Shoes" is a service or division of defendant, LEHIGH OUTFITTERS, LLC.

26. Upon information and belief, "Lehigh Safety Shoes" is a service or division of defendant, ROCKY BRANDS, INC.

27. At all times pertinent hereto, the New York City Transit Authority (hereinafter referred to as the "NYCTA") was a public authority organized and existing pursuant to the laws of the State of New York.

28. At all times pertinent hereto, the principal offices of the NYCTA were located in Brooklyn, NY.

29. At all times pertinent hereto, plaintiff, WILLIAM MACK, was employed by the NYCTA.

30. At all times pertinent hereto, defendant, LEHIGH OUTFITTERS, LLC, had a contract or agreement with the NYCTA to supply and sell work and safety shoes and boots to certain employees of the NYCTA.

31. On or about the 30th day of July 2014, plaintiff, as an employee of NYCTA, purchased and/or was issued a pair of men's work or safety shoes which were designed, tested, manufactured, inspected, produced, marketed, sold and/or distributed by defendants.

32. On or about the 30th day of July 2014, plaintiff, as an employee of NYCTA, purchased and/or was issued a pair of men's black "oxford" style work or safety shoes which were designed, tested, manufactured, inspected, produced, marketed, sold and/or distributed by defendants.

33. The aforementioned shoes and their packaging were labeled, sold and distributed by defendants under the "Lehigh Safety Shoes" brand name.

34. The aforementioned shoes were defectively designed and/or manufactured when sold and/or placed into the stream of commerce by defendants.

35. The aforementioned shoes were defectively designed and/or manufactured when purchased and/or distributed to plaintiff.

36. That plaintiff sustained permanent and severe injuries as a result of wearing the defective shoes.

37. That the aforesaid occurrence and resulting injuries to plaintiff occurred solely by reason of the carelessness, recklessness and negligence of defendants, their agents, servants, partners and/or employees, in the design, manufacture, labeling, distribution, inspection, testing, marketing and/or sale of the aforementioned shoes.

38. As a result of the foregoing, plaintiff, WILLIAM MACK, was caused to suffer severe and permanent personal injuries, extreme pain and suffering and loss of enjoyment of life, was rendered sick, sore, lame and disabled, was caused to seek medical attention and treatment and to be liable for the expenses thereof and sustained other economic losses.

39. The aforesaid occurrence and resulting injuries occurred without any fault on the part of the plaintiff contributing thereto.

40. This action falls within one or more of the exceptions set forth in New York's Civil Practice Law & Rules, §1602.

41. As a result of the foregoing, plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION

30. Plaintiff repeats, reiterates and realleges each and every prior applicable allegation set forth above as if set forth herein in full.

31. Defendants, their agents, servants, partners and/or employees, in connection with their business activities aforementioned, expressly warranted and represented that the subject shoes were fit, capable and suitable for the use and purposes intended.

32. Defendants, their agents, servants, partners and/or employees, in connection with their business activities aforementioned, expressly warranted and represented that the subject shoes were of merchantable quality, safe and not hazardous.

33. Plaintiff was entitled to rely upon those representations and warranties.

34. Plaintiff did rely upon those representations and warranties.

35. Plaintiff relied upon the skill and judgment of defendants, their agents, servants, partners and/or employees, and their representations and warranties aforementioned.

36. Those representations and warranties were false, misleading and inaccurate, in that the subject shoes were unsafe, defective, dangerous, improperly designed and/or manufactured, were not of merchantable quality, were hazardous and defective, and were not fit for the uses for which they were intended.

37. Defendants breached their express warranties.

38. As a result of the foregoing, plaintiff, WILLIAM MACK, was caused to suffer severe and permanent personal injuries, extreme pain and suffering and loss of enjoyment of life, was rendered sick, sore, lame and disabled, was caused to seek medical attention and treatment and to be liable for the expenses thereof and sustained other economic losses.

39. As a result of the foregoing, plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION

40.     Plaintiff repeats, reiterates and realleges each and every prior applicable allegation set forth above as if set forth herein in full.

41.     Defendants, their agents, servants, partners and/or employees, in connection with their business activities aforementioned, impliedly warranted and represented that the subject shoes were fit, capable and suitable for the uses and purposes intended.

42.     Defendants, their agents, servants, partners and/or employees, in connection with their business activities aforementioned, impliedly warranted and represented that the subject shoes were of merchantable quality, safe and not hazardous.

43.     Plaintiff was entitled to rely upon those representations and warranties.

44.     Plaintiff was did rely upon those representations and warranties.

45.     Plaintiff relied upon the skill and judgment of defendants, their agents, servants, partners and/or employees, and their representations and warranties aforementioned.

46.     Those representations and warranties were false, misleading and inaccurate in that the subject shoes were unsafe, dangerous, improperly designed and/or manufactured, were not of merchantable quality, were hazardous and defective, and were not fit for the uses for which they were intended.

47.     Defendants breached their implied warranties.

48.     As a result of the foregoing, plaintiff, WILLIAM MACK, was caused to suffer severe and permanent personal injuries, extreme pain and suffering and loss of enjoyment of life, was rendered sick, sore, lame and disabled, was caused to seek medical attention

and treatment and to be liable for the expenses thereof and sustained other economic losses.

49. As a result of the foregoing, plaintiff has been damaged is the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A FOURTH CAUSE OF ACTION

50. Plaintiff repeats, reiterates and realleges each and every prior applicable allegation set forth above as if set forth at length herein.

51. Defendants, their agents, servants, partners and/or employees, failed to properly warn of the defects, dangers and hazards of using and/or wearing the subject shoes.

52. As a result of the foregoing, plaintiff, WILLIAM MACK, was caused to suffer severe and permanent personal injuries, extreme pain and suffering and loss of enjoyment of life, was rendered sick, sore, lame and disabled, was caused to seek medical attention and treatment and to be liable for the expenses thereof and sustained other economic losses.

53. As a result of the foregoing, plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

## AS AND FOR A FIFTH CAUSE OF ACTION

54. Plaintiff repeats, reiterates and realleges each and every prior applicable allegation set forth above as if set forth herein in full.

55. The subject shoes were placed into the stream of commerce by defendants, their agents, servants, partners and/or employees.

56. The subject shoes were defective and not reasonably safe for their intended and reasonably foreseeable uses/purposes when placed into the stream of commerce by defendants, their agents, servants, partners and/or employees.

57. That at the time of the events complained of, the shoes were being used for their intended and reasonably foreseeable purposes.

58. That at the time of the events complained of, plaintiff was not misusing the shoes and could not have discovered their defects or realized their dangers in the exercise of reasonable care.

59. Defendants are strictly liable for all damages suffered by plaintiff proximately caused by said defects in the shoes.

60. As a result of the foregoing, plaintiff, WILLIAM MACK, was caused to suffer severe and permanent personal injuries, extreme pain and suffering and loss of enjoyment of life, was rendered sick, sore, lame and disabled, was caused to seek medical attention and treatment and to be liable for the expenses thereof and sustained other economic losses.

61. As a result of the foregoing, plaintiff has been damaged in the sum of TEN MILLION ($10,000,000.00) DOLLARS.

**WHEREFORE**, plaintiff demands judgment against defendants, jointly and severally, on the First, Second, Third, Fourth and Fifth causes of action, each in the amount of TEN MILLION ($10,000,000.00) DOLLARS, together with interest and the costs

and disbursements of this action and such other and further relief as this Court may deem just and proper.

Dated: New York, NY
       February 11, 2015

                                            Yours, etc.,

                                            LAW OFFICES OF DAVID B. GOLOMB

                                            By: _____
                                            Frank A. Longo (FAL-7255)
                                            Attorneys for Plaintiff
                                            370 Lexington Avenue
                                            Suite 908
                                            New York, NY  10017
                                            212-661-9000